**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KENNETH GRAHAM                                                                    PLAINTIFF

v.                                         No. 4:10CV02022 JLH

STONEBRIDGE LIFE INSURANCE COMPANY                                 DEFENDANT

### <u>OPINION AND ORDER</u>

Kenneth Graham commenced this action against Stonebridge Life Insurance Company in the

Circuit Court of White County, Arkansas, alleging that Stonebridge breached an insurance contract.

Stonebridge removed the action to this Court, which has jurisdiction pursuant to 28 U.S.C.

§ 1332(a)(1) inasmuch as the parties are citizens of different states and the amount in controversy

exceeds $75,000.

Graham was insured under a Blanket Accident Disability Insurance Policy that included

coverage for total and permanent loss of sight of both eyes.  On July 6, 2005, Graham suffered an

injury to his eyes when an aerosol can exploded.  Contending that he had suffered a total and

permanent loss of sight in both eyes, he submitted written proof of loss on September 11, 2006.

Stonebridge denied Graham's claim on October 31, 2006.  Graham filed his complaint on

October 29, 2010.  Stonebridge has moved for summary judgment on the ground that Graham's

claim is barred by a three-year period of limitation.

The policy includes the following provisions relating to when the proof of loss must be

provided and the time within which any action may be brought against Stonebridge:

> Written Proof of Loss must be given to the Company within 90 days after the date
> of the Loss or as soon as possible thereafter.  Proof must, however, be furnished no
> later than one year from the time it is otherwise required, except in the absence of
> legal capacity.
>
> * * *

> No action can be brought to recover on this Policy for at least 60 days after written Proof of Loss has been furnished.  No such action shall be brought more than 3 years after the date Proof of Loss is required.

Document #13, Exhibit 1.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the  moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The blanket policy was issued in Delaware to Health Extras, Inc.  Graham was issued a membership in Health Extras and as a part of that membership was insured under the blanket policy. Stonebridge contends that the law of Delaware applies and that Graham's claim is barred by the three-year period of limitations provided in the Delaware Insurance Code.  *See* Del. Code Ann. tit. 18, § 3541(7) (1995).[1]  Graham denies that Delaware law applies and argues, instead, that Arkansas law applies.  Graham contends that Arkansas law provides a five-year period of limitations and that the three-year period in the contract is void.  Because the result is the same under Arkansas law and under Delaware law, the Court need not decide the issue of which state's law governs.  *See Prudential Ins. Co. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007).  The Court will address Graham's argument regarding Arkansas law.

---

[1] The proof of loss and limitations provisions in the policy, which are quoted above, track this statutory provision.

Graham contends that the policy at issue is a policy of life insurance, and, under Arkansas law, a provision of a life insurance policy is void if it requires an action to be brought less than five years after the accrual of the cause of action.  This argument is based on Ark. Code Ann. § 23-79-202(b) (1959).  That statute does not apply, however, because the policy at issue is not a life insurance policy.

The Arkansas Insurance Code states:

> (a) As used in the Arkansas Insurance Code, unless the context otherwise requires, "life insurance" is insurance on human lives.

> (b) The transaction of life insurance includes also the granting of endowment benefits, benefits for expenses incurred in connection with death, additional benefits in event of death or dismemberment by accident or accidental means, additional benefits in event of the insured's disability, and optional modes of settlement of proceeds of life insurance.

Ark. Code Ann. § 23-62-102 (1959).  Graham argues that, because the policy at issue here provides benefits in the event of dismemberment by accident or accidental means, the policy meets the definition of "life insurance" in section 23-62-102.  That argument disregards the plain language of the statute.  "'Life insurance' is insurance on human lives."  The policy here did not provide insurance on Graham's life, so it is not life insurance.  Subsection (b) of section 23-62-102 does not expand the definition of life insurance to every policy of insurance that provides benefits for dismemberment by accident or accidental means; instead, subsection (b) explains that a policy that insures a life may also provide benefits in the event of dismemberment by accident or accidental means and still be life insurance.

The primary case cited by Graham, *Dodson v. J.C. Penney Co.*, is not to the contrary.  In *Dodson*, the policy at issue was an accidental death and dismemberment insurance policy.  336 F.3d 696, 697 (8th Cir. 2003).  J.C. Penney contended that the policy was not a life insurance policy even

3

though it provided benefits in the event a human life was lost by accident. *Id*. at 700-01. In construing section 23-62-102(b), the Eighth Circuit held that any policy that covers human life is a life insurance policy even if the policy also pays "additional benefits in event of death or dismemberment by accident or accidental means." *Id*. (quoting the statute). The Eighth Circuit simply did not hold, as Graham argues, that all policies that provide benefits in the event of dismemberment by accidental means are life insurance policies even when they provide no benefits for death. In *Dodson*, J.C. Penney argued that a policy that provided health benefits could not also be a life insurance policy, even if it also provides benefits for death. Here, Graham argues that any policy that provides benefits for accidental dismemberment is also a life insurance, even if it does not provide benefits for death. Both arguments are wrong.

That the blanket policy here is not a life insurance policy addresses part of Graham's argument under Arkansas law. The remainder of his argument has been addressed by the Honorable Susan Webber Wright in a separate action brought by Graham arising out of the same incident but involving a claim against another insurer and a separate policy. In that action, Judge Wright explained:

> Graham grounds his argument on the false assumption that Arkansas law prescribes a minimum, five-year statute of limitation for actions on written contracts. Although Arkansas Code § 16-56-111(a) requires an action to enforce obligations under a written contract to be commenced within five years after the cause of action accrues, the statute establishes a maximum, not a minimum, limitations period. Arkansas law permits parties "to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulation is not unreasonably short and the agreement does not contravene some statutory requirement or rule based upon public policy." *Ferguson v. Order of United Commercial Travelers of Am.*, 307 Ark. 452, 455-56, 821 S.W.2d 20, 32 (1991).

> The Court finds that neither § 16-56-111(a) nor § 23-79-202 prohibit the three-year limitation period set forth in the Policy. As for whether the stipulated period is unreasonably short, Graham does not allege that he had insufficient time

to investigate his claim and prepare for this lawsuit, *see Ferguson*, 307 Ark. at 456, 821 S.W.2d at 32-33 (quoting *City of Hot Springs v. National Sur. Co.*, 258 Ark. 1009, 1013, 531 S.W.2d 8, 10 (1975) ("[T]he stipulated period is not unreasonable if the time allowed affords a plaintiff sufficient opportunity to investigate his claim and prepare for the controversy), and Arkansas courts have found three-year limitation periods in insurance contracts to be reasonable. *See Ferguson*, 307 Ark. at 456, 821 S.W.2d at 33; *Hawkins v. Heritage Life Ins. Co.*, 63 Ark. App. 67, 71, 973 S.W.2d 823, 826 (1998). In sum, the Court finds that the three-year limitation period set forth in the Policy is neither unreasonably short nor contravened by statute based on public policy.

*Graham v. Hartford Life and Accident Ins. Co.,* No. 4:10CV00763, 2011 WL 1464534, at *3 (E.D. Ark. April 15, 2011) (footnotes omitted). For the reasons stated by Judge Wright, Graham's claim is barred by the applicable period of limitations.

Graham has filed two motions asking the Court to certify a question of law to the Arkansas Supreme Court. As Judge Wright held in *Graham v. Hartford*, there is no basis for certifying a question to the Supreme Court of Arkansas in this case. *Id*. at *5.

## CONCLUSION

For the reasons stated, the motion for summary judgment filed by Stonebridge Life Insurance Company is GRANTED. Document #13. Kenneth Graham's motion to certify and second motion to certify a question of law to the Arkansas Supreme Court are DENIED. Documents #7 and #11.

IT IS SO ORDERED this 6th day of December, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE